# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51187
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERAFIN VILLANUEVA, also known as Seraphin Villanueva, also known as Elizondo Villanueva Serafin,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-89

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Serafin Villanueva pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 130 months of imprisonment and five years of supervised release. He reserved the right to appeal the district court's denial of his motion to suppress evidence. Villanueva argues that the district court erred when it determined there was probable cause to arrest him because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51187

the record fails to support its factual finding of a hand-to-hand transaction occurring shortly before his arrest.  Villanueva also avers that his evasive conduct when he encountered officers in the parking lot should not have been relied upon to establish probable cause.

In an appeal of the denial of a suppression motion, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005).  Factual findings, including credibility determinations, are not clearly erroneous so long as the findings are plausible in light of the record as a whole. *United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010).

"[A] warrantless arrest must be based on probable cause." *United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999) (en banc).  "Probable cause for a warrantless arrest exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995).  Whether there is probable cause to arrest an individual is a mixed determination of law and fact that we review de novo. *Id.*  In making a probable cause determination, we consider the evidence in the light most favorable to the prevailing party, *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008), and we may consider "the officers' training and experience as well as their knowledge of the situation at hand." *United States v. Buchanan*, 70 F.3d 818, 826 (5th Cir. 1995).

The district court's finding that a hand-to-hand drug transaction occurred was plausible in light of the record as a whole and was not clearly erroneous.  *Montes*, 602 F.3d at 384.  Testimony by detectives and officers established that probable cause existed to arrest Villanueva for conspiracy to

2

distribute methamphetamine.    Detectives previously had corroborated cooperating source tips regarding narcotics sales occurring at an automobile shop and also learned from sources that a black Volvo was used to transport drugs for that criminal operation.  Villanueva, known as Smokey, had been identified by cooperating sources as having transported drugs in a black Volvo. On the night of Villanueva's arrest, detectives followed a vehicle from the shop to a gas station, where the driver appeared to engage in a hand-to-hand transaction with the driver of a black Volvo.  That vehicle, in which Villanueva was a passenger, was registered to an individual known to detectives as the leader of the narcotics operation.  When officers stopped the black Volvo, Villanueva refused to comply with their demands to stop.  Considering the evidence in the light most favorable to the Government, and based on the totality of the circumstances, the district court did not err in the determination that there was probable cause to arrest Villanueva.  *See Lopez-Moreno*, 420 F.3d at 429.

In light of the foregoing, the judgment of the district court is AFFIRMED.